UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MICHAEL GOODWIN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:18-CV-677 JCH |
|  | ) |  |
| JUDGE CATHERINE PERRY, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## **MEMORANDUM AND ORDER**

Before the Court is the motion of pro se plaintiff Michael Goodwin for leave to proceed in forma pauperis, as well as his amended complaint "42 U.S.C. § 1983—Civil Action for Deprivation of Rights." After reviewing the financial information provided, the Court finds that Goodwin is unable to pay the filing fee.[1] Therefore he will be granted leave to proceed in forma pauperis. For the reasons discussed below, Goodwin's amended complaint will be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B).

**Background**

Plaintiff's amended complaint, styled as a § 1983 civil rights action, is at least the fourth iteration of his claim asserting that the Court should overturn his allegedly unconstitutional conviction of 2001.

In May 2008, plaintiff moved the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706 to the United States Sentencing Guidelines ("U.S.S.G."), which lowered the base offense level for offenses involving cocaine base. The Court denied the motion after finding that Goodwin's sentence was based on cocaine, not cocaine base. The

---

[1] Goodwin is no longer incarcerated.

judgment of the Court was summarily affirmed on appeal. *United States v. Goodwin*, No. 11-1080 (8th Cir. Feb. 23, 2011).

On January 4, 2016, Goodwin filed a petition for writ of error coram nobis, seeking to have his federal judgment vacated. He argued that his criminal judgment should be vacated because the indictment was defective and because his plea agreement was ambiguous. *See Goodwin v. United States*, 4:16-CV-0007 SNLJ (E.D. Mo.). The Court denied his petition for writ of error coram nobis on the merits on January 28, 2016. The Eighth Circuit Court of Appeals summarily affirmed the denial of the petition on March 8, 2016. *See Goodwin v. United States*, No. 16-1368 (8th Cir. 2016).[2]

On January 2, 2018, plaintiff filed a petition "for the Court to take judicial notice of adjudicated facts." *Goodwin v. United States*, No. 4:18-CV-11 CDP (E.D. Mo. Jan. 2, 2018). The Court found that Goodwin's arguments were nothing but a reiteration of his prior arguments before both this Court and the Eighth Circuit. "These assertions have been denied in petitioner's motion for reduction of sentence based on Amendment 706, as well as his prior petition for writ of error coram nobis, and the appeals of both of those motions."

Now, Goodwin has filed the instant "Civil Action for Deprivation of Rights" against defendants Judge Catherine D. Perry, United States Probation Officer John Ross, and Assistant United States Attorney Antoinette Decker.

---

[2] Goodwin has filed several other suits complaining about the handling of his criminal case, all of which have been dismissed. *See Goodwin v. United States*, 4:02-CV-1709 DJS (E.D. Mo. Apr. 16, 2003) (denying 2255 motion), appeal dismissed No. 07-2830 (8th Cir. Oct. 11, 2007); *Goodwin v. Decker*, No. 4:06-CV-1479 JCH (E.D. Mo. Nov. 15, 2006) (dismissed on plaintiff's motion); *Goodwin v. Burris*, No. 4:09-CV-83 DJS (E.D. Mo. Feb. 12, 2009) (dismissed); *Goodwin v. United States*, 4:13-CV-636 CDP (E.D. Mo. Apr. 30, 2013) (dismissed); *Goodwin v. Jackson*, No. 4:17-CV-2556 RLW (E.D. Mo. Dec. 7, 2017) (dismissed), aff'd No. 17-3699 (8th Cir. Jan. 5. 2018).

## Discussion

Plaintiff asserts that the Court should reconsider its decisions denying his petition for writ of error coram nobis. He states once again that the indictment was defective because the conspiracy count derived from all other dismissed counts, specifically the dismissed Count VII, which he argues should not have been changed from crack cocaine to powder cocaine in the plea agreement. Plaintiff's arguments are nothing but another reiteration of his prior arguments before this Court and the Eighth Circuit. These assertions have been denied several times.

Plaintiff's amended complaint makes no allegations against Judge Perry, although she is named as a defendant in the caption of the case. To the extent plaintiff can be understood to bring a civil lawsuit against Judge Perry, the complaint is frivolous and subject to dismissal. Judges are "entitled to absolute immunity for all judicial actions that are not 'taken in complete absence of all jurisdiction.'" *Penn v. United States*, 335 F.3d 786, 789 (8th Cir. 2003) (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)).

Finally, plaintiff's complaint is legally frivolous as to defendants Assistant United States Attorney Antoinette Decker and Federal Probation Officer John Ross because they too are entitled to immunity. *See, e.g.*, *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) (prosecuting attorneys) and *Ray v. Pickett*, 734 F.2d 370, 374-75 (8th Cir. 1984) (probation officers).

For these reasons, this case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 25th day of July, 2018.

        \s\ Jean C. Hamilton
        JEAN C. HAMILTON
        UNITED STATES DISTRICT JUDGE